This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **No. A-1-CA-36896**

**MARIO GOMEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando R. Macias, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Lauren J. Wolongevicz, Assistant Attorney General
Albuquerque, NM

for Appellee

L. Helen Bennett, P.C.
L. Helen Bennett
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Judge.**

{1} Defendant appeals following the district court entering judgment against him that included a requirement that Defendant pay restitution to the Metro Narcotics Agency Contingency Fund. On appeal, Defendant contends that the district court's requirement that Defendant pay restitution was not a proper legal remedy in this case and/or, "even if restitution is found to be proper, [he] should not be required to pay restitution on dismissed conspiracy counts." [DS 3] This Court issued a second calendar notice proposing to conclude that, because Defendant was only convicted on one count of trafficking and the remaining two conspiracy to commit trafficking charges were dismissed, only $150 of restitution was proper.

{2} In response, the State has filed a notice indicating that it will not file a memorandum in opposition to this Court's second calendar notice, and Defendant has filed a memorandum in opposition continuing to argue that the Metro Narcotics Agency cannot be a "victim" for the purpose of restitution. As Defendant makes no new arguments regarding restitution, *see State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (providing that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superceded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297

P.3d 374, we proceed with summary affirmance, in part, and summary reversal, in part.

{3}     **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**

_____
**JULIE J. VARGAS, Judge**

2